**Motion denied and Order filed December 2, 2015**



In The

# Fourteenth Court of Appeals

———————

## NO. 14-14-01016-CV

———————

### IN THE MATTER OF THE MARRIAGE OF LARA MARIE CHARPENTIER AND JASON WALTER CHARPENTIER

**On Appeal from the 306th District Court**
**Galveston County, Texas**
**Trial Court Cause No. 12-FD-3409**

## ORDER

On September 21, 2015, the parties filed a joint motion indicating they had entered into a settlement agreement and asking this court to affirm the judgment in part and vacate it in part in accordance with their agreement. Because Texas Rule of Appellate Procedure 42.1(a)(2) does not permit us to grant the relief the parties requested, on October 13, 2015, we abated the appeal to permit the trial court to conduct further proceedings to effectuate the parties' agreement. Tex. R. App. P. 42.1(a)(2)(C).

The parties have now filed a joint motion for reconsideration and/or

clarification of the abatement order. The motion indicates the parties are concerned the trial court lacks jurisdiction to conduct further proceedings and enter the necessary orders due to the expiration of the trial court's plenary power. *See* Tex. R. Civ. P. 329b.

Rule 42.1(a)(2) authorizes only three actions when parties seek to dispose of an appeal pursuant to a signed agreement filed with the clerk: (A) render judgment effectuating the parties' agreements; (B) set aside the trial court's judgment without regard to the merits and remand the case to the trial court for rendition of judgment in accordance with the agreements; or (C) abate the appeal and permit proceedings in the trial court to effectuate the agreement. Tex. R. App. P. 42.1(a)(2). This court does not have sufficient information to render judgment on the parties' agreement under rule 42.1(a)(2)(A); the letter agreement the parties attached to their original motion does not contain the precise language of a proposed modified judgment. The parties do not ask this court to set aside the judgment without regard to the merits and remand to the trial court. Rather, they want the judgment to be affirmed in part and vacated in part. Rule 42.1(a)(2)(B) does not authorize this court to do that. The only option left is abatement under rule 42.1(a)(2)(C). Abatement of an appeal for proceedings in the trial court returns jurisdiction to the trial court. *Sonnier v. Sonnier*, 331 S.W.3d 211, 215–16 (Tex. App.—Beaumont 2011, no pet.).

Accordingly, the parties' joint motion for reconsideration and/or clarification is **DENIED**. The appeal remains **ABATED** to permit the trial court to conduct further proceedings to effectuate the parties' agreement. The appeal is treated as a closed case, and removed from this court's active docket until **February 1, 2016**. The parties are advised that appellant must file a motion to reinstate and dismiss this appeal no later than February 1, 2016, or, if the agreement has not been

effectuated by that date, appellant is required file a report with this court giving the status of the proceedings in the trial court and requesting an extension of the abatement. The failure to file a motion to reinstate and dismiss the appeal or a status report by February 1, 2016, may result in the dismissal of this appeal without further notice.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Christopher and Donovan.

Justice Christopher dissents and would grant the motion for rehearing.